# IN THE UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | |
|---|---|
| ROOFERS LOCAL NO. 20 ) | |
| HEALTH AND WELFARE FUND, ) | |
|     Plaintiff, ) | |
| v. ) | No. 05-1206-CV-W-FJG |
| ) | |
| MEMORIAL HERMANN HOSPITAL ) | |
| SYSTEM, et al., ) | |
|     Defendants. ) | |

## ORDER

Pending before the Court is defendants' Memorial Hermann Hospital System and Memorial Hermann Continuing Care Hospital's Motion to Dismiss or Abstain and Transfer (Doc. No. 6). Plaintiff is a health and welfare plan controlled by and subject to ERISA. Plaintiff has filed the pending declaratory judgment action against defendants seeking a declaration of non-coverage as to defendant Kevin Sullins, a participant of the Plan.

I.    <u>Defendants' Motion to Dismiss</u>

Defendants move to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1). Defendants state that plaintiff does not have standing to pursue this ERISA action because it is not a participant or beneficiary of the Plan. However, as noted by plaintiff, plaintiff is a fiduciary under ERISA, and has standing under 29 U.S.C. § 1132(a)(3) to bring this suit. See <u>Prudential Ins. Co. of America v. Doe</u>, 140 F.3d 785, 790 (8th Cir. 1998). Therefore, defendants' motion to dismiss (Doc. No. 6) is **DENIED.**

II.    <u>Defendants' Motion to Abstain</u>

Defendants move for this Court to abstain from exercising jurisdiction over this

declaratory judgment action. Notably, there are no pending parallel state court proceedings related to the present matter. In Scottsdale Ins. Co. v. Detco Industries, Inc., 426 F.3d 994 (8th Cir. 2005), the Court used a six-factor test for determining whether a district court should exercise jurisdiction over a declaratory judgment action:

> (1) whether the declaratory judgment sought "will serve a useful purpose in clarifying and settling the legal relations in issue"; (2) whether the declaratory judgment "will terminate and afford relief from the uncertainty, insecurity, and controversy giving rise to the [federal] proceeding"; (3) "the strength of the state's interest in having the issues raised in the federal declaratory judgment action decided in the state courts"; (4) "whether the issues raised in the federal action can more efficiently be resolved in the court in which the state action is pending"; (5) whether permitting the federal action to go forward would result in unnecessary "entanglement" between the federal and state court systems, because of the presence of "overlapping issues of fact or law"; and (6) "whether the declaratory judgment is being used merely as a device for 'procedural fencing'–that is, 'to provide another forum in a race for res judicata' or 'to achieve a federal hearing in a case otherwise not removable.'"

Id. at 998 (citations omitted).

Defendants argue that the first and second factors weigh in favor of abstention, as the declaratory judgment action will neither settle and clarify the legal relations at issue nor terminate the controversy. Defendant Memorial Hermann states that, "Faced with the Counterclaim[1] Memorial Hermann has asserted herein, subject to the Court's ruling on the Motion to Abstain, the first and second factors weigh in favor of abstention."

Plaintiff states that the declaratory judgment will clarify and settle legal relations between the parties. Plaintiff further notes that although the controversy "expanded" with the filing of the counterclaim, but the declaratory judgment itself may indirectly resolve

---

[1] The counterclaim Defendant Memorial Hermann is asserting against plaintiff is for (1) insurance code violations, and (2) negligence and negligent misrepresentation.

those issues as well. Further, the remaining factors appear to weigh in plaintiff's favor, as plaintiff's claim falls within the category of ERISA cases that must be brought in federal court. In light of the fact that this is an ERISA case, the Court agrees that abstention would be inappropriate because it would leave plaintiff without a forum to pursue its claims. Defendants' motion to abstain (Doc. No. 6) is **DENIED.**

III.    Defendants' Motion to Transfer

Defendants move for the Court to transfer this case to "a more appropriate forum." Defendants state that the Court should transfer this case "to a District Court in Harris County, Texas or the United States District Court for the Southern District of Texas, Houston Division", as all the medical records and witnesses to defendant Sullins' hospitalization are located in Houston Texas. Defendants state that the "only" nexus to the Western District of Missouri is that the Plan is administered in the Western District of Missouri and defendant Sullins is a resident of the Western District of Missouri.

Plaintiff correctly notes that there is no authority for the proposition that this Court may transfer a federal case to a state court, such as a "District Court in Harris County, Texas." Defendants' request for a transfer to a Texas state court is **DENIED**.

As for transfer to the Southern District of Texas, plaintiff notes that the Western District of Missouri is a proper venue under 29 U.S.C. § 1132(e)(2). Further, plaintiff notes that (1) key witnesses and documents are located in Missouri and (2) this Court is able to apply Texas law, to the extent that will be necessary. The Court is not convinced by defendants' motion that the convenience of the parties and witnesses or the interests of justice would be served by transferring this matter to the Southern District of Texas.

3

Therefore, defendants' request for a transfer to the Southern District of Texas is **DENIED.**

      **IT IS SO ORDERED.**

                                              /s/ FERNANDO J. GAITAN, JR.
                                              Fernando J. Gaitan, Jr.
                                              United States District Judge

Dated:   April 24, 2006   .
Kansas City, Missouri.