**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION**

ROOFERS LOCAL NO. 20                  )
HEALTH AND WELFARE FUND,       )
        Plaintiff/Third-Party Plaintiff,   )
v.                             )  No.  05-1206-CV-W-FJG
                                )
MEMORIAL HERMANN HOSPITAL   )
SYSTEM, et al.,                  )
        Defendants,           )
v.                             )
FMH BENEFIT SERVICES, INC.,     )
        Third-Party Defendant.     )

## <u>ORDER</u>

       Pending before the Court are (1) Defendants' Amended Motion to Transfer Based on Changed Circumstances (Doc. No. 42); and (2) Defendant, Kevin Sullins', Motion to Transfer and Suggestions in Support Therein (Doc. No. 43).[1] Defendants argue that at the time of their original motion to transfer (Doc. No. 6), defendant Sullins was a resident of the Western District of Missouri; however, defendants assert they have "learned" that effective August 2006, Mr. Sullins has changed his place of residence and is now a resident of Houston, Texas.[2] Defendants seek transfer of this matter to the United States District Court for the Southern District of Texas. In further support of this motion, the hospital defendants attach an affidavit of their counsel, Margaret A. Pollard, in support of a transfer.[3]

---

       [1]Notably, defendant Sullins' Motion simply incorporates the analysis of defendants Memorial Hermann Hospital System and Memorial Hermann Continuing Care Hospital (the "hospital defendants") (Doc. No. 42).

       [2]Notably, the hospital defendants and Sullins are represented by the same local counsel.

       [3]The great majority of this affidavit does not discuss the only changed circumstance, the residence of Sullins; instead, it appears to be re-argument of the issues raised in the original motion to transfer, filed on February 8, 2006, and denied by order of this Court on April 24, 2006. Furthermore, as noted by third-party defendant,

<u>See</u> Doc. No. 42.

Plaintiff and third-party defendant oppose the motions to transfer, noting that the present motions to transfer were filed more than a year after the filing of this case, six months after defendant Sullins' move to Texas, less than one week before the close of discovery,[4] and a mere four months prior to the June 4, 2007 trial date.[5] <u>See</u> Plaintiff's Opposition, Doc. No. 47, p. 2. Furthermore, at the time of the entry of this Order, plaintiff and third-party defendant have filed motions for summary judgment, plaintiff has filed a motion for default judgment against defendant Sullins, and plaintiff, hospital defendants, and third-party defendant have filed witness lists, exhibit lists, and deposition designations.

Plaintiff also notes that Sullins' videotaped deposition was taken on February 5, 2007, so that any concerns that Sullins would be unable to attend trial in Missouri are alleviated. Plaintiff also notes that defendant Sullins has no actual exposure in this case, as any obligation he had towards the hospital defendants was discharged in bankruptcy on February 7, 2006.[6] Third-party defendant also notes that the defendants have not made Rule 26(a) disclosures, thereby making defendants' arguments that defendants' other witnesses reside in the Houston, Texas area, suspect.

---

this "affidavit" is filled with conclusions of law and appears to be based in large part on hearsay. The affidavit further indicates that many of defendants' witnesses are located in Harris County, Texas; however, defendants did not timely file their Rule 26 initial disclosures, and discovery has now closed. Defendants further indicate that their expert witnesses reside in Harris County, Texas; however, no expert witnesses were timely disclosed by defendants.

[4]Discovery closed on February 5, 2007. <u>See</u> Amended Scheduling and Trial Order, Doc. No. 39.

[5]As discussed by third-party defendant (Doc. No. 49, p. 6 and cases cited therein), substantial delay in seeking to transfer jurisdiction may be a sufficient reason alone to deny transfer.

[6]Notably, no party informed the Court of the pendency of any bankruptcy action as to defendant Sullins.

Finally, as noted in the Court's original order (Doc. No. 20), the plaintiff fund is a resident of this judicial district (and as such, its choice of forum is entitled to deference), and key witnesses and documents are located in Missouri. Third-party defendant further notes that this Court is convenient to it and its witnesses, as its principal offices and employees are located in Overland Park, Kansas.

In short, defendants have failed to demonstrate that the convenience of the parties and witnesses or the interest of justice would be served by transferring this matter to the Southern District of Texas. See 28 U.S.C. § 1404. Defendants' motions are insufficiently supported, and the timing of the motions is suspect for the reasons outlined in plaintiff's and third-party defendant's suggestions in opposition. Accordingly, defendants' motions for transfer of venue (Doc. Nos. 42 and 43) will be **DENIED.**

**IT IS SO ORDERED.**

Date:___3/9/07_____                    S/ FERNANDO J. GAITAN, JR.
Kansas City, Missouri                   Fernando J. Gaitan, Jr.
                                        Chief United States District Judge

3