**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION**

| | |
|---|---|
| ROOFERS LOCAL NO. 20 )<br>HEALTH AND WELFARE FUND, )<br>    Plaintiff/Third-Party Plaintiff, )<br>v. )<br>)<br>MEMORIAL HERMANN HOSPITAL )<br>SYSTEM, et al., )<br>    Defendants, )<br>v. )<br>FMH BENEFIT SERVICES, INC., )<br>    Third-Party Defendant. ) | No. 05-1206-CV-W-FJG |

## ORDER

Pending before the Court are (1) Defendants' Response to the Court's Order Requiring Certification of Completion of Discovery (Doc. No. 59); (2) Defendant Hospitals' Motion for Leave of Court to File Defendants' First Amended Original Answer and Counterclaim (Doc. No. 58); and (3) Plaintiff's response to the Court's order to show cause (Doc. No. 62) and motion for default judgment (Doc. No. 60). Each will be considered below.

**I. Defendants' Response to the Court's Order Requiring Certification of Completion of Discovery (Doc. No. 59, filed on February 19, 2007, two weeks after close of discovery)**

Two weeks after the close of discovery in this matter, Defendants Memorial Hermann Hospital System and Memorial Hermann Continuing Care Hospital (hereinafter "defendant hospitals") filed a statement saying that all discovery is not complete and the case is not ready for further processing. Defendants hospitals' Texas counsel states that "on or about February 14, 2007 the undersigned received a telephone call from Local Counsel to discuss the Court's Order dated February 1, 2007. For the first time, counsel found out that a number of pleadings and Orders from opposing counsel and the Court had been filed in this case. Upon investigation it was determined by counsel that the spam filter

on the computer system of the undersigned had been methodically blocking all notifications from the Court and counsel had 18 email notifications that had not come through." Texas counsel also notes that she has not been receiving copies of pleadings from plaintiff, as plaintiff has been using an incorrect address for her office, as shown in plaintiff's certificates of service. Notably, Texas counsel does not explain why her local counsel (who has been receiving ECF notification throughout), has not forwarded to her copies of pleadings filed in this matter.

The defendant hospitals state that they still need to take the videotaped depositions of all of defendant Sullins' treating physicians, Brian Dunn, and the claims representative/manager who handled Sullins' claims on behalf of third-party defendant FMH. Defendant hospitals seek a thirty-day extension of the discovery deadlines in this matter.

Plaintiff responds, apologizing for the error in the mailing address to Texas counsel for defendants, but noting that local counsel for defendants has been served electronically and by mail with all pleadings filed by plaintiff since February 8, 2006. Plaintiff also notes that the defendant hospitals did not file a motion to extend discovery within the Court-imposed deadline of February 5, 2007 (established in the Amended Scheduling and Trial Order, Doc. No. 39). Plaintiff further notes that Rule 16.3 of the Western District Local Rules provides that "Delayed discovery will not justify an extension of discovery deadlines." Plaintiff suggests that defendant hospitals have not demonstrated that the discovery they seek could not have been accomplished prior to the February 5, 2007, discovery deadline.

Third-party defendant FMH further notes that since the filing of this case, the defendant hospitals have served no written discovery requests, noticed no depositions, and served no subpoenas for documents or nonparty depositions. Additionally, the defendant hospitals failed to make their initial Rule 26(a) disclosures. FMH states that defendant hospitals were not diligent in seeking discovery and have shown no good cause for

2

reopening discovery. FMH also states that re-opening discovery would prejudice them, as trial related deadlines and dispositive motion deadlines are either rapidly approaching or have already passed.

After considering defendant hospitals' request for an extension of discovery deadlines, the Court finds this request should be denied, as defendant hospitals failed to make this request within the deadlines imposed by the Court's scheduling and trial order, and defendant hospitals' conduct in discovery to date demonstrates a lack of diligence on their part. As noted by plaintiff, delayed discovery will not justify an extension of discovery deadlines. Therefore, defendants' request is **DENIED.**

II. **Defendant Hospitals' Motion for Leave of Court to File Defendants' First Amended Original Answer and Counterclaim (Doc. No. 58)**

The defendant hospitals indicate that they are seeking leave of court to file their first amended answer and counterclaim, noting that "on Tuesday, January 23, 2007 the oral deposition of Plaintiff . . . was taken in Kansas City, Missouri. During the course of that deposition . . . the extent of the 'investigation' of the Plan prior to the denial of the claims of the Hospitals was discovered for the first time." Notably, defendants do not explain what they learned at the deposition or how that information could not have been gleaned earlier. The deadline for amending pleadings in this matter was August 1, 2006 (see original Scheduling and Trial Order, Doc. No. 32, and Amended Scheduling and Trial Order, Doc. No. 39).

Plaintiff opposes this motion, noting that the defendants have missed the deadline for motions to amend by many months. Plaintiff states that defendants have not demonstrated good cause sufficient to extend a scheduling order deadline pursuant to Local Rule 16.3. Further, plaintiff states that the defendant hospitals' proposed additional counterclaim for "Federal Statutory Cause of Action under 29 U.S.C. § 1132(a)(1)(B)," should have been a known claim of defendants prior to the passing of the deadline for amending pleadings. Plaintiff finally notes that it has already filed a motion for summary

3

judgment directed to the original counterclaim of the hospital defendants.

Courts undertake a two-step analysis to determine whether to grant leave to file an amended complaint when the Court-ordered deadline for amending pleadings has passed. See Financial Holding Corp. v. Garnac Grain Company, 127 F.R.D. 165, 166 (W.D. Mo. 1989). First, the Court considers whether the scheduling order deadline should be extended under Rule 16 of the Federal Rules of Civil Procedure (which provides that a scheduling order "shall not be modified except upon a showing of good cause and by leave of [Court]"), considering in particular whether the need to amend was apparent (or should have been so) before the deadline passed. See 127 F.R.D. at 166. Second, if the Court decides the scheduling order deadline should be extended, then the Court considers whether to grant leave to file the amended pleading under Rule 15 of the Federal Rules of Civil Procedure. Id.

Here, hospital defendants have failed to make a showing of good cause as to why the scheduling order deadline should be extended, particularly considering that over six months have passed since the deadline. Further, grant of the motion for leave to amend would severely prejudice the other parties to this matter, as they already have filed motions for summary judgment and bench trial remains set for June 2007. Therefore, defendants' motion for leave to file their first amended answer and counterclaim (Doc. No. 58) will be **DENIED.**

**III.    Plaintiff's response to the Court's order to show cause (Doc. No. 62) and Plaintiff's motion for default judgment (Doc. No. 60)**

On February 1, 2007, the Court ordered plaintiff to show cause why its case against Defendant Sullins should not be dismissed for failure to prosecute, as Sullins had apparently failed to answer the complaint. Plaintiff filed a response to the order to show cause (Doc. No. 62) indicating that although Sullins has not filed an answer, he has been actively represented by counsel Larry Schaffer, who entered his appearance on behalf of Sullins in June of 2006. Plaintiff also notes that Schaffer appeared on Sullins' behalf at

4

depositions, and at mediation in October 2006. Plaintiff also notes that Sullins was deposed by counsel for plaintiff on February 5, 2007. Therefore, plaintiff states that the case should not be dismissed for failure to prosecute. However, plaintiff notes that in light of Sullins' continuing failure to agree to a consent judgment or file an answer, plaintiff has filed a motion for default judgment.

In the motion for default judgment (Doc. No. 60) and suggestions in support (Doc. No. 61), plaintiff indicates that defendant Sullins executed a Waiver of Service on January 10, 2006, and pursuant to that waiver of service, an answer was due on January 31, 2006. Plaintiff states that as Sullins has failed to plead or otherwise defend, plaintiff is therefore entitled to a judgment by default.

Defendant Sullins filed a response to plaintiff's motion for default judgment (Doc. No. 67). In this response, counsel for defendant Sullins indicates that "while it is true that defendant . . . has failed to plead it is not true that he has failed to otherwise defend . . . having enlisted my services as his attorney . . . he had also taken precautions, through me, to ensure that no procedural harm would come to him as a result of his failure to file an answer." Counsel indicates he entered his appearance on behalf of Sullins so that Sullins would be represented at the mediation conference, after being asked to do same by Texas counsel for defendant hospitals and plaintiff's counsel. Counsel further indicates that he informed the other attorneys at that time that he would not be willing to file an answer on Sullins' behalf. Counsel states that there was some sort of agreement among the parties that defendant Sullins would not be expected to file an answer "unless there comes a time when Steve Brown [plaintiff's counsel] or someone else indicates that their clients need me to do so." See Exhibit to Doc. No. 67. After receiving no response to the contrary from the other parties, counsel states that "I naturally assumed my limited representation of Kevin Sullins was acceptable to each of them." In conclusion, defendant Sullins requests that the Court deny the motion for default judgment, and extend the time within which defendant

5

Sullins has to file an answer.

Although the above explains counsel's failure to file an answer on behalf of defendant Sullins, this does not alleviate defendant Sullins' duty to file an answer to plaintiff's complaint. By the time counsel had entered an appearance for Sullins, the answer was already over four months overdue. Defendant Sullins has not provided any reason as to why he has failed to file an answer for over a year. Furthermore, the Court finds that defendant Sullins' request for an extension of time to file his answer ought to be denied, as this request comes far too late in these case proceedings (given that discovery closed on February 5, 2007, summary judgment motions were due on February 19, 2007, and trial is set for June 4, 2007). Accordingly, plaintiff's motion (Doc. No. 60) is **GRANTED**.

**IT IS SO ORDERED.**

Date: 3/23/07  
Kansas City, Missouri

S/ FERNANDO J. GAITAN, JR.  
Fernando J. Gaitan, Jr.  
Chief United States District Judge