**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION**

| | |
|---|---|
| ROOFERS LOCAL NO. 20 )<br>HEALTH AND WELFARE FUND, )<br>      Plaintiff, )<br>v. )<br>)<br>MEMORIAL HERMANN HOSPITAL )<br>SYSTEM, et al., )<br>      Defendants, ) | No. 05-1206-CV-W-FJG |

## ORDER

Pending in this matter are two motions: (1) Defendants Memorial Hermann Hospital System and Memorial Hermann Continuing Care's Renewed Motion to Dismiss (Doc. No. 113) and (2) Motion of Memorial Hermann Hospital System and Memorial Hermann Continuing Care for Reconsideration of Motion for Summary Judgment of Plaintiff (Doc. No. 121).

**I.   Defendants Memorial Hermann Hospital System and Memorial Hermann Continuing Care's Renewed Motion to Dismiss (Doc. No. 113)**

Defendants state that they are "re-urging" their previously filed motion to dismiss plaintiff's complaint because (1) this Court lacks subject matter jurisdiction, and (2) the complaint fails to state a claim upon which relief can be granted. Defendants argue that plaintiff has no standing to bring the claims it has made in this declaratory judgment action. Defendants claim that the Court has never ruled on their original Motion of Defendants to Dismiss for lack of subject matter jurisdiction (see Doc. No. 113, p. 2); however, nothing could be further from the truth, as the motion (Doc. No. 6) was ruled in April 2006 (Doc. No. 20). Defendants state that although a cause of action may be filed under ERISA by a

participant, beneficiary or fiduciary, plaintiff is none of these and thus the complaint ought to be dismissed.

Plaintiff responds (Doc. No. 127), noting that this Court already ruled on the original motion to dismiss, and suggesting that defendants' re-urged motion be denied for the same reasons as the original motion.[1]

Defendants reply (Doc. No. 129), stating that in the case at hand, the discretion accorded to a fiduciary rests not with the Plan, but with its Trustees. Defendants note that in the deposition of Norman Waters, designated representative of the Plan, he testified that the Trustees have the ultimate authority to make final claims determinations, and the Fund Administrator does not have any claims determination authority under the plan. Waters further testified that when the Trustees realized that the terms of the Plan gave the Fund Administrator the discretion to accept and deny claims, they changed the terms of the Plan so that only the Trustees had that discretionary authority.

After reviewing the parties briefs, the Court finds that while some of defendants' arguments made in its reply brief <u>might</u> have merit, they have been improperly presented and shall not be used to postpone the June 4, 2007 trial setting. This action was filed on December 1, 2005, and defendants filed their original answer and motion to dismiss on February 8, 2006. Instead of raising the testimony of Norman Waters at some earlier time (such as at the summary judgment stage), defendants waited until the filing of their reply brief, less than a week before the trial setting. Defendants also should note that it is

---

[1] Notably, in Doc. No. 14 and exhibits thereto (plaintiff's response to the original motion to dismiss), plan documents indicated that plaintiff is the named fiduciary of the Plan.

2

improper from a procedural standpoint to raise issues in reply briefs that were not raised in their original motion or the opposition's response brief.  Therefore, this Court will **DENY** defendant's re-urged motion to dismiss (Doc. No. 113) **WITHOUT PREJUDICE.**

However, given the importance of the issue of subject matter jurisdiction and standing, and given that if defendants' arguments have merit this Court should enter a final judgment on the merits of plaintiff's case, the Court will direct the parties to file additional briefs concerning these issues.  The Court will not postpone the bench trial set for Monday, June 4, 2007, however; instead, the Court will consider the issues of subject matter jurisdiction and standing following the bench trial. Therefore, the Court **DIRECTS** plaintiff to file a response to defendants' reply (Doc. No. 129) addressing the issues raised therein on or before **Thursday, June 14, 2007.**  Defendants shall file any reply to plaintiff's response on or before **Thursday, June 21, 2007.**

II.  **Motion of Memorial Hermann Hospital System and Memorial Hermann Continuing Care for Reconsideration of Motion for Summary Judgment of Plaintiff (Doc. No. 121)**

Defendants contend that the Court made the following errors in granting plaintiff's motion for summary judgment as to defendants' counterclaims:

1. Concluding defendants have not set forth issues of material fact regarding the representations made by FMH or the plaintiff Fund;

2. Concluding defendants have not set forth issues of material fact regarding defendants' reliance on the representations made;

3. Concluding defendants' counterclaims ought to be dismissed; and

3

4. Concluding that the only remaining questions are (1) whether plaintiff's decision to deny benefits under the felony exclusion in the plan was an abuse of discretion or arbitrary and capricious; and (2) whether defendant Sullins (or others) failed to appeal plaintiff's decision, making plaintiff's decision final and binding on all parties.

After reviewing the parties' briefs, the Court again concludes that defendants have not raised an issue of material sufficient to withstand summary judgment as to the first three issues raised above. With respect to defendants' arguments regarding misrepresentations, defendants utilize only sections of the Texas Insurance Code that were not pled in the counterclaim, and which do not apply to FMH or the Fund. Further, defendants' generalized allegations that the Hospitals relied on certain representations miss the point, as entities such as the Hospitals can only act through their employees or agents. Defendants' third alleged error, that the counterclaims were dismissed, is simply a reiteration of asserted errors one and two (finding that no questions of material fact remained as to misrepresentations and reliance).

Finally, asserted error number four is that the Court asserts that the only issues remaining for trial are ERISA issues, and defendants assert that plaintiff has no standing to bring its claims under ERISA. Notably, this issue was not raised in the motions for summary judgment; instead, the Court arrived at its statement of issues remaining in this case by referring to the issues raised in plaintiff's complaint (Doc. No. 1), and no party moved for summary judgment as to those issues. To the extent that defendants seek dismissal for lack of jurisdiction and/or standing, those claims will be examined by the Court as discussed above in Section I of this Order. To the extent that defendants suggest that

the Court erred in denying their motion for leave to amend their counterclaim to assert an ERISA cause of action (see Doc. No. 94), the Court notes that reconsideration of that issue is not warranted, as the deadline for filing motions to amend pleadings was August 1, 2006, defendants moved for leave to amend on February 19, 2007 (six months after the deadline for such motions, and after the close of discovery), and defendants did not demonstrate any good cause for failure to seek leave to amend in a timely fashion.

Therefore, for the reasons stated above, defendants' motion for reconsideration (Doc. No. 121) is **DENIED.**

**IT IS SO ORDERED.**

Date: __05/30/07_____  S/ FERNANDO J. GAITAN, JR.
Kansas City, Missouri  Fernando J. Gaitan, Jr.
 Chief United States District Judge

5