**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION**

ROOFERS LOCAL NO. 20                                )
HEALTH AND WELFARE FUND,                            )
      Plaintiff/Third-Party Plaintiff,    )
v.                                                  )   No.  05-1206-CV-W-FJG
MEMORIAL HERMANN HOSPITAL                           )
SYSTEM, et al.,                                     )
      Defendants,                          )
v.                                                  )
FMH BENEFIT SERVICES, INC.,                         )
      Third-Party Defendant.               )

<u>ORDER</u>

      Pending before the Court are (1) Third-Party Defendant's Motion for Attorney's Fees against Plaintiff/Third-Party Plaintiff (Doc. No. 124); and (2) Plaintiff's Motion for Sanctions Pursuant to Fed. R. Civ. P. 11 (Doc. No. 136).  Both will be considered below.

**I.      Third-Party Defendant's Motion for Attorney's Fees against Plaintiff/Third-Party Plaintiff (Doc. No. 124)**

      Third-party defendant FMH moves for an award of attorney's fees against plaintiff/third-party plaintiff Roofers Local No. 20 Health and Welfare Fund (hereinafter, the "Fund").  The Fund filed a third-party complaint against FMH for indemnity as to the claims made in defendants' counterclaim.   On May 9, 2007, this Court granted third-party defendant FMH's motion for summary judgment as to the claims made in FMH's third-party complaint.  As FMH had noted in its briefing on summary judgment, the Administration Agreement between it and the Fund provides: "In the event that FMH . . . are made parties to any judicial or administrative proceeding arising out of, related to or connected with, in whole or in part: (I) the Plan, (ii) any functions performed under the terms of this Agreement or the Plan, or (iii) the failure of [the Fund] to comply with any of its duties and obligations under the Agreement, the [Fund] shall indemnify and hold FMH and related parties harmless for all judgments, settlements and costs including reasonable attorney's fees, court costs and other costs incurred by them, . . ."  <u>See</u> Fund Ex. 3, pp. 0011-12, to Third-

Party Defendant's Brief in Support of Motion for Summary Judgment, Doc. No. 56. For the reasons stated in third-party defendant's suggestions in support of its motion for attorneys' fees (Doc. No. 125, pp. 2-4), the Court agrees that third-party defendant FMH is entitled to have the Fund indemnify it for its attorneys' fees and costs. As of April 30, 2007, FMH's attorneys' fees and costs amounted to $67,398.87 (which represents $63,069.50 in attorneys' fees and $4,329.37 in costs). In particular, FMH seeks attorneys' fees for attorney Andrew G. Jubinsky (partner in the Dallas, Texas law firm of Figari & Davenport, L.L.P.) for 36.8 hours of work at $260 per hour in 2006 and 119.70 hours of work at $285 per hour in 2007. FMH further seeks attorneys' fees for Raymond E. Walker (associate at Figari & Davenport, L.L.P.) for 30.9 hours of work at $190 per hour in 2006 and 62 hours of work at $215 per hour in 2007. FMH also seeks fees for paralegals Stephanie Young (.2 hours at $130 per hour) and Dee Paschal (2 hours at $80 per hour). Notably, FMH does not seek attorneys' fees for local counsel.

Plaintiff/third-party plaintiff Fund argues that (1) the hospital defendants, not the Fund, ought to pay third-party defendant FMH's attorneys' fees and expenses, and therefore the Fund has concurrently filed its motion for Rule 11 sanctions against the hospital defendants (Doc. No. 136, examined below); (2) attorney Jubinsky's charges for discussion regarding admission to this Court pro hac vice are not properly recoverable; and (3) discussions with local counsel are duplicative and would have been unnecessary had lead counsel for FMH been a member of this bar [citing entries made on April 21, 25, 26, May 4, 9, 15, 16, 17, 23, 26, 30, June 20, 21, and 22, 2006]. The Fund also objects to certain expenses incurred by counsel for FMH, arguing that FMH is a local corporation that hired a Texas law firm to represent it, and therefore the Fund should not be required to pay for travel expenses for Dallas counsel to come to Kansas City Missouri, as detailed on pp. 26, 37, and 43 of the Exhibit to Doc. No. 125. The Fund represents that the travel expenses to which it objects amount to $1,583.49. The Fund requests that the Court either

(1) deny FMH's motion for attorneys' fees, or (2) grant the Fund's pending motion for Rule 11 sanctions against defendants, ordering defendants to pay FMH's attorneys' fees, expenses, and costs.

Third-party defendant FMH replies that the attorney's fee provisions of the Administration Agreement are independent of plaintiff/third-party plaintiff's Rule 11 motion, and that the Fund should be ordered to pay FMH's attorneys' fees irrespective of whether the Fund's Rule 11 motion is granted. FMH also indicates that the Administration Agreement obligates that Fund to indemnify FMH against "costs including reasonable attorney's fees, court costs and other costs incurred by [FMH]," indicating that all fees and costs ought to be recoverable, and the Fund ought to be required to make FMH whole. See Fund Ex. 3, p. 0012, to Third-Party Defendant's Brief in Support of Motion for Summary Judgment, Doc. No. 56. FMH also notes that the Fund cites no authority for its objections to FMH's attorneys' fees related to pro hac vice admission, discussions with local counsel, and travel expenses. FMH notes again that it has not sought recovery of its attorney's fees for local counsel in Kansas City. FMH also notes that the attorneys' fees it seeks to recover amount to approximately 12% of the amount in dispute (the Hospital defendants sought damages in the amount of $571,803.25, the amount of Kevin Sullins' hospital bills).

FMH also argues that it is entitled to fees and expenses incurred since April 30, 2007. These fees allegedly are for (1) trial preparation; (2) responding to the Hospital's motion for reconsideration of the order granting summary judgment; and (3) preparation of the motion for attorneys' fees and costs. FMH seeks addition attorneys' fees in the amount of $6,942.00 and costs in the amount of $94.66. Thus, the total amount sought is $70,011.50 in attorneys' fees and $4,424.03 in costs.

After reviewing FMH's motion and suggestions in support, the Fund's opposition, and FMH's reply in support, the Court finds that FMH's motion for attorneys' fees and costs

(Doc. No. 124) should be **GRANTED IN FULL**.  The Court finds the attorneys' fees and costs sought by FMH to be reasonable under the circumstances (particularly considering FMH's high degree of success in defending itself in this matter).  The Fund's objections to the total amount of fees and costs are minute, and given that FMH is not seeking fees and costs as to its local counsel, any duplication of efforts has been accounted for already.  Further, the Court agrees with FMH that the result of this motion is not dependent upon whether the Fund's Rule 11 motion is granted.  Therefore, FMH is **AWARDED $70,011.50** in attorneys' fees and **$4,424.03** in costs, to be paid by plaintiff/third-party plaintiff Fund.

## II.    Plaintiff's Motion for Sanctions Pursuant to Fed. R. Civ. P. 11 (Doc. No. 136)

Plaintiff has moved for Rule 11 sanctions against defendants Memorial Hermann Hospital System and Memorial Hermann Continuing Care Hospital [hereafter, "hospital defendants"] for their filing of a counterclaim against plaintiff.  Plaintiff asserts that the uncontroverted testimony of the hospital defendants' employees demonstrated that the hospital defendants failed to make a reasonable inquiry as to those employees prior to the filing of the counterclaim.  The Court, in its Order granting plaintiff's motion for summary judgment, indicated, "plaintiff may file any Rule 11 motion it believes is proper; however, the Court will not grant same unless plaintiff has fully complied with Rule 11(c)(1)(A)."  Doc. No. 109, p. 12.  However, plaintiff requests that the court <u>waive</u> Rule 11(c)(1)(A)'s "safe harbor" provision, which provides that sanctions motions shall not be filed with the court until 21 days after service of the Rule 11 motion on the offending party (giving the offending party time to correct or withdraw the offending pleading).  Plaintiff argues that the Court's ruling on the Motion for Summary Judgment was "a key element of this Rule 11 motion so [plaintiff] could not have filed this motion at any earlier point in the litigation."  Doc. No. 136, p. 3.  Alternatively, plaintiff argues that the Court ought to consider the interval between the filing of plaintiff's summary judgment motion and the service of defendants' response to be "constructive compliance with Rule 11(c)(1)(A)," as defendants persisted in their position

4

in the face of the lack of factual support for their claim.  Id.  Notably, the only authority plaintiff cites for the proposition that this Court could award Rule 11 sanctions in a situation where the party seeking the award failed to comply with Rule 11's safe harbor provision are cases from outside this circuit.  See Doc. No. 143, p. 10.

In their suggestions in opposition (Doc. No. 141), the hospital defendants raise numerous issues, such as their continuing objection to subject matter jurisdiction and their re-assertion of the same arguments made in their opposition to summary judgment and their motion for reconsideration of the order granting same.[1]  However, the Court finds persuasive defendants' final argument, that plaintiff did not comply with the "safe harbor" provision of Rule 11(c)(1)(A), and failed to give defendants a grace period in which to voluntarily dismiss their counterclaim.  An award of Rule 11 sanctions where plaintiff did not comply with the "safe harbor" provisions of Rule 11(c)(1)(A) would amount to an abuse of discretion by this Court, and the Court is unwilling to agree to "waive" compliance with Rule 11(c)(1)(A) or consider plaintiff's motion for summary judgment and defendants' response thereto to be "constructive compliance."  See Gordon v. Unifund CCR Partners, 345 F.3d 1028, 1030 (8th Cir. 2003); Kirk Capital Corp. v. Bailey, 16 F.3d 1485, 1488-89 (8th Cir. 1994)(examining, in dicta, the results under "new" Rule 11, concluding that motion for Rule 11 sanctions filed after voluntary dismissal of a lawsuit could not be sustained under the new rule); and Steinlage v. Mayo Clinic Rochester, 235 F.R.D. 668, 671 (D. Minn. 2006) (citing Ridder v. City of Springfield, 109 F.3d 288-296-97 (6th Cir. 1997)) (finding Rule 11's safe harbor provision not a mere procedural formality that can be waived; instead, party who awaits a judicial determination on a motion for summary judgment prior to filing a

---

[1]Notably, plaintiff is correct in noting in its reply brief (Doc. No. 143) that defendants' suggestions in opposition exceed the page limit prescribed in Local Rule 7.1(f).  However, the Court declines plaintiff's request to strike the overlength brief or disregard the contents appearing at pages 16-20 of that brief, given that irregardless of the length of defendants' brief, this Court cannot award plaintiff Rule 11 sanctions where plaintiff did not comply with the safe harbor provisions of that rule.

motion for Rule 11 sanctions has waived its opportunity to a Rule 11 award).

Accordingly, as plaintiff did not comply with Rule 11's safe harbor provisions, plaintiff's motion for Rule 11 sanctions (Doc. No. 136) will be **DENIED.**

   **IT IS SO ORDERED.**

Date:   7/10/07              S/ FERNANDO J. GAITAN, JR.
Kansas City, Missouri        Fernando J. Gaitan, Jr.
                             Chief United States District Judge